# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00551-CV

**Elbert Miller, Appellant**

**v.**

**Daniela Garcia, Appellee**

---

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 15-0-424, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Elbert Miller, acting pro se, filed a notice of appeal challenging only the district court's denial of his motion for new trial in the underlying cause.[1] However, that ruling is not independently appealable and without a final judgment or otherwise appealable order, we may not exercise appellate jurisdiction.[2] *See* Tex. Civ. Prac. & Rem. Code § 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Macklin v. SAIA Motor Freight Lines, Inc.*, No. 06-12-00038-CV, 2012 Tex. App. LEXIS 2748, at *1-2 (Tex. App.—Texarkana Apr. 6, 2012, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because "order denying a

---

[1] The court had previously granted partial summary judgment on liability based on Miller's deemed admissions.

[2] The clerk's record contains a docket entry, but no order, reflecting that Miller's motion for new trial was denied. Even if the clerk's record contained the order, it is not appealable.

motion for reconsideration or motion for new trial is not a judgment, and is not independently appealable").

On September 12, 2016, this Court requested that Miller file a written response demonstrating this Court's jurisdiction over his appeal. Miller's response cited to federal and Florida rules of procedure that do not apply to Texas appellate courts. *See* Fed. R. Civ. P. 54(b) (permitting appeal from order that disposes entirely of separable claim or that completely dismisses party from case); Fla. R. App. P. 9.110(k) (same); *see also Alexander v. Birnel*, No. 10-13-00336-CV, 2013 Tex. App. LEXIS 14300, at \*1-2 (Tex. App.—Waco Nov. 21, 2013, pet. denied) (mem. op.) (rejecting similar argument as to federal rule of civil procedure and noting general rule in Texas that judgments must dispose of all parties and claims to be appealable).

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

 

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed for Want of Jurisdiction

Filed:   September 28, 2016